Phillip M. A. MATTHEWS et al., Plaintiffs,

v.

Walter E. WASHINGTON et al., Defendants.

Civ. A. No. 76–0918.

United States District Court, District of Columbia.

Dec. 22, 1976.

98

E. Edward Bruce, Robert J. Massie, Steven E. Silverman, Washington, D. C., for plaintiffs.

John H. Suda, Asst. Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM ORDER AND JUDGMENT

PARKER, District Judge.

In this proceeding, declaratory and injunctive relief are sought by two employees of the District of Columbia Government who claim a violation of their First Amendment rights. The defendants are the District of Columbia, the Mayor, Director of Personnel and several other officials. Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331, 1332, 2201 and 2202.

Plaintiff Phillip Matthews, a parole officer employed by the District of Columbia Department of Corrections, and plaintiff Kenneth M. Cox, an employee of the District of Columbia Fire Department, bring this action against the District of Columbia and certain named officials who in their status as officers of the D.C. Government are alleged to have the authority to promulgate and enforce regulations governing plaintiffs' conduct as employees of the District of Columbia.

Matthews and Cox challenge as violative of their First Amendment rights, Chapter 10(b)(2) of the District of Columbia Personnel Manual,[1] a D.C. Government-wide regulation prohibiting employees from making public "any disagreement with, or criticism of the official policies and operating practices of the D. C. Government." They also challenge agency regulations which implement that policy, including (1) Department of Corrections Employee Regulation 1.11, forbidding without a supervisor's prior approval, "release of information concerning any phase of the Department's affairs," and (2) Article III, Section 15 of the Fire Department Order Book, similarly prohibiting employees from disseminating information outside the Department. Each plaintiff sought relief for himself with respect to disciplinary actions taken or threatened against him for violation of the said regulations. Plaintiff Matthews was suspended for one day without pay on January 19, 1976, following an administrative hearing in which the Department of Corrections determined that he had violated Regulation 1.11 by discussing with a *Washington Post* reporter certain general aspects of the Department's programs. Plaintiff Cox was subject to a special investigation by his superiors in the Fire Department following certain statements he made to a WMAL radio reporter concerning that Department's policy in allocating its fire-fighting resources.

Plaintiffs allege in their complaint that Section 10(b)(2) was designed to and did suppress criticism of the policies and practices of the D.C. Government. They further allege that the Department of Corrections and the Fire Department implemented Section 10(b)(2) through the regulations referred to above. Finally, plaintiffs argue that each of the regulations was unconstitutional on its face and as applied.

Subsequent to the filing of this proceeding, the Corporation Counsel of the District

---

1. Chapter 10 of the D.C. Personnel Manual is entitled Conduct And Conditions of Employment and Section (b)(2) provides:

    2. INTERNAL DISAGREEMENTS
    An employee shall not make public any disagreement with, or criticism of the official policies and operating practices of the Dis-

trict of Columbia Government, nor shall he publicly criticise or disagree with a District official who is responsible for their day-to-day application. More properly, conflicts of this type should be brought to the attention of responsible program officials through the administrative chain-of-command.

of Columbia undertook a full review of the constitutionality and enforceability of the challenged regulations. By formal memorandum dated August 12, 1976, the Corporation Counsel advised that the challenged regulation should be expunged. Upon this advice, the defendant George Harrod, Director of the D.C. Personnel Office, on August 27, 1976, issued a general announcement and directive which read:

Section B–2, Internal Disagreements, of Chapter 10 is being DELETED in its entirety. Persons maintaining that Manual should line out this entire paragraph. Paragraphs 3 through 8 in this Section should be renumbered 2 through 7 respectively.

Accordingly, any agency directives containing similar prohibitions against public criticism of official policies or operating practices must be rescinded immediately.

Later, the defendant Delbert C. Jackson, Director of the Department of Corrections, sent the following memorandum to the Corporation Counsel:

This is in reference to your memorandum dated August 12, 1976, in the subject area of Mr. Phillip M. Matthews' suspension under Basic Regulation 1.11 which you advise is in violation of the First Amendment, U. S. Constitution.

In accordance with your advice, I have rescinded Mr. Matthews' suspension and ordered him paid for January 19, 1976. I have also placed a stop on Basic Regulation 1.11 Release of Information and issued orders for the expungement of this Regulation from the directives, manuals and training material of this Department.

At the same time, and by separate memorandum, defendant Jackson directed that plaintiff Matthews' one-day suspension be rescinded and that Regulation 1.11 be removed from the Department's regulations. Thereafter, on September 13, 1976, defendant Burton Johnson, the D.C. Fire Chief, similarly issued a directive expunging Article III, Section 15, from the Fire Department's Order Book.

■ Based upon the actions taken by and the representations made to the Court by the Corporation Counsel, there is no dispute that former Section 10(b)(2) of the Personnel Manual and the implementing regulations and orders of the Department of Corrections and the Fire Department were violative of the First Amendment. They imposed unduly broad restrictions upon the free speech rights of employees of the District of Columbia Government.

■ The corrective action taken by the Personnel Office in "deleting" the questionable provision from the Personnel Manual was timely and immediate. The defendants argue that the matter is now moot. However, because of the nature and character of the impermissive action and to avoid its repetition and to insure that knowledge of the Government's corrective action is widespread and generally known the Court enters the following judgment:

### Declaratory Relief

Declared:

That the provisions of Chapter 10(b)(2) of the District of Columbia Personnel Manual entitled *Internal Disagreements* and any regulation or order promulgated by a Department of the District of Columbia Government pursuant to that Chapter are unconstitutional on their face and as applied and, therefore, are void and of no effect.

### Injunctive Relief

Ordered, Adjudged and Decreed that the defendant George Harrod, Director of Personnel of the District of Columbia Government, is enjoined to submit forthwith to the Court for approval, an appropriate notice of this ruling and is enjoined to publish that notice in the District of Columbia Register within 30 days of this date.

That upon compliance, this proceeding shall stand dismissed as moot.